UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

Plaintiff,

v.

Case Number 07-20526
Honorable Thomas L. Ludington

JOHN TYLER MCKINNEY, SR.,

Defendant.
_______________________________________/

**ORDER DENYING MOTION PURSUANT TO RULE 59(e) TO ALTER OR AMEND THE JUDGMENT**

In October 2007, a grand jury in the Eastern District of Michigan returned an eleven-count indictment against three defendants. One of the defendants was Defendant John Tyler McKinney, Sr. Defendants were charged with various drug and firearms offenses. On June 4, 2009, Defendant and the government executed a Rule 11 plea agreement. ECF No. 83. The plea agreement provides that Defendant agrees to enter a plea of guilty to count four of the indictment, which charges him with the distribution of five grams or more of a substance containing cocaine base. Rule 11 Plea Agreement 1, ECF No. 83. The government agrees to drop the remaining charges against Defendant. *Id*. at 4. The plea agreement further provides that Defendant's guideline sentencing range is 121 – 151 months, but stipulates that "notwithstanding the applicable guideline range, defendant's sentence will not exceed 120 months imprisonment, the statutory minimum sentence." *Id*. at 3. Defendant preserves his right to appeal a penalty enhancement that he received for a prior conviction in Michigan state court for possession of dihydrocodeinone, the agreement also provided. *Id*. at 2. And finally, it

provides: “Nothing in this agreement, however, is intended to deny the defendant relief which he may be entitled under future changes in the law.” *Id*. at 6.

The Court accepted the plea on June 4, 2009. On September 10, 2009, a sentencing hearing was held. Consistent with the Rule 11 agreement, the Court sentenced Defendant to 120 months imprisonment. Defendant appealed his sentence to the Sixth Circuit on two grounds. First, he asserted that he should not have received the penalty enhancement for a prior felony drug offense. Additionally, he asserted that the Fair Sentencing Act of 2010 should be applied retroactively. The Sixth Circuit affirmed Defendant’s sentence. Defendant appealed to the United States Supreme Court, which declined to issue a writ of certiorari on January 10, 2012.

On April 16, 2012, Defendant filed a petition for a writ of mandamus in this Court pursuant to 28 U.S.C. § 1361. ECF No. 117. In pertinent part, Defendant’s petition asserted:

> On or about June 4, 2009, [Defendant] and the United States Attorney for the Eastern District of Michigan entered into a written contractual agreement. Said agreement, specifically stated that [Defendant] would be entitled to the benefit of any future change in the law. The Fair Sentencing Act is a future change in the law. Such change, entitles this [Defendant] to immediate release because it provides [Defendant] with a guideline sentence that [Defendant] has long since completed that is to say that the top of the guideline range is 30–37 months which [Defendant] has long since completed. Because this is a contractual agreement it is not discrectional [sic] but in fact is binding on the United States Attorney.

Def.’s Mandamus Pet. 2, ECF No. 117.

The Court denied Defendant’s petition on May 2, 2012. ECF No. 119. The Court explained that Defendant is correct that he executed an agreement with the government on June 4, 2009 (the plea agreement). He is not correct, however, that the plea agreement “specifically stated that [Defendant] would be entitled to the benefit of any future change in the law.” Def.’s Mandamus Pet. 2. Rather, the plea agreement provides that it does not preclude Defendant from

seeking "relief which he may be entitled under future changes in the law." Rule 11 Plea Agreement 6. "Nothing in this agreement," it provides, "is intended to deny the defendant relief which he may be entitled under future changes in the law." *Id*. Because the government does not owe a duty to seek such benefits on Defendant's behalf, the Court concluded, Defendant is not entitled to an order compelling the United States Attorney to perform such an act.

On May 18, 2012, Defendant filed a motion pursuant to Rule 59(e) to alter or amend the judgment. "Such motions may be granted to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)).

In his motion, Defendant asserts that "the Court committed a clear error of law, in two respects." Def.'s Rule 59 Mot. 2, ECF No. 123. Defendant elaborates:

> First, because this is a contractual agreement between [Defendant] and The Government, the Court cannot resort to a rigid reading of the contract, that is to say that the Court cannot put its own gloss on what it thinks the Agreement means, by trying to interpret what the language means in the Contract, the Court would be in effect breaching the [contractual] agreement. Secondly, it is not for the Court to say whether The Government does or does not owe [Defendant] a duty to seek the benefits of the Contractual Agreement, but, it is solely on the Government to oppose or [concede] to the reading of the contractual agreement between [Defendant] and it.

*Id*. Defendant's assertions lack merit.

First, contrary to Defendant's contention, the Court is required "to interpret what the language means in the Contract." *Id*. "We enforce contracts according to their terms, as a corollary of the parties' liberty of contracting. We examine written contractual language, and give the words their plain and ordinary meanings." *Rory v. Continental Ins. Co.*, 703 N.W.2d 23,

30 (Mich. 2005) (citation omitted)). "If the parties' intent is unambiguously clear from the language of the written agreement," as in this case, "the court must enforce the parties' intent as expressed in the writing." *Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortg. Capital, Inc*., 274 F.3d 1085, 1092 (6th Cir. 2001) (quoting *Birchcrest Bldg. Co. v. Plaskove*, 120 N.W.2d 819, 823 (Mich. 1963)). As the Court previously explained, while the plea agreement provides that Defendant may seek to benefit from future changes in the law, it does not provide that Defendant is automatically entitled to benefit from future changes in the law or that the government would seek such benefits on Defendant's behalf.

Second, if the language of the contract is unambiguous, parol evidence cannot be considered. *Shay v. Aldrich*, 790 N.W.2d 629, 640–41 (Mich. 2010). Thus, it is not "solely on the Government to oppose or [concede] to the reading of the contractual agreement between [Defendant] and it." Def.'s Mot. 2. Moreover, even if extrinsic evidence was properly before the Court, the government has responded that it does not interpret the plea agreement in the manner that Defendant does — specifically, the government writes that "it owes no such duty [to request a lower sentence] and that defendant is not entitled to any relief." Gov't's Resp. 1, ECF No. 125. As Defendant has not identified a clear error of law in the Court's prior order, his motion will be denied.

Accordingly, it is **ORDERED** that Defendant's motion pursuant to Rule 59(e) to alter or amend the judgment (ECF No. 123) is **DENIED**.

Dated: May 30, 2012

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon John Tyler McKinney, Sr., #41866-039, at USP Atlanta, Box 105160, Atlanta, GA 30315 by first class U.S. mail on May 30, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS