**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOHN TYLER McKINNEY, Jr.,

        Petitioner,

No. 07-CR-20526
Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

Petitioner John Tyler McKinney, Jr. pleaded guilty to distributing 5 or more grams of crack cocaine. He was sentenced to the statutory minimum, 120 months' imprisonment. The Sixth Circuit affirmed the conviction and sentence via order dated February 26, 2010. ECF No. 100. The mandate issued on March 22, 2010. ECF No. 101. Petitioner, it appears, did not seek rehearing from the court of appeals or a writ of certiorari from the United States Supreme Court. A little more than 20 months passed.

On January 3, 2012, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. That section contains a one-year statute of limitations, which begins to run on the date the judgment of conviction becomes final. § 2255(f)(1). When a criminal defendant has appealed to the court of appeals, but not sought a writ of certiorari from the Supreme Court, the limitation period begins to run when the time for seeking such review expires (90 days after the court of appeals entered its judgment or 69 days after the court of appeals issued its mandate[1]). *Clay v. United States*, 537 U.S. 522, 525 (2003).

---

[1] Sup. Ct. R. 13(1) (noting a petition for a writ of certiorari to the Supreme Court "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"); Fed. R. App. P. 40, 41(b) (instructing that when no petition for rehearing is filed, a court of appeals' mandate issues 21 days after the entry of judgment).

For Petitioner, these deadlines meant that the motion must have been filed in this Court no later than May 30, 2011 (one year and 69 days after the mandate was issued). Petitioner's motion, as noted, was not filed until January 3, 2012. The government, however, did not address the statute of limitations issue in its response to Petitioner's motion — apart from a single line in its statement of facts that the motion was "timely."

The motion was referred to Magistrate Judge Charles Binder for report and recommendation. Judge Binder then issued his report recommending that the Court dismiss the motion as time-barred. Petitioner objected, asserting that a court may not sua sponte raise the statute of limitations issue when the government has not in its response to the motion.

The Supreme Court, however, disagrees with Petitioner's assertion. *Day v. McDonough*, 547 U.S. 198, 209 (2006). In *Day*, the Court established that district courts have the authority to sua sponte raise the timeliness of a habeas petition, even when the government has not in its response to the petition. *Id*. "Of course," the Supreme Court cautions, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id*. at 210.[2]

Here, Petitioner has filed a document entitled "motion pursuant to Rule 15(C)(2)" asserting that the government has in fact waived the statute of limitations defense. ECF No. 138. It is not clear from the present record, however, whether the government has affirmatively waived that defense, nor whether Petitioner may be entitled to equitable tolling. Consequently, the parties will be directed to provide supplemental briefing on, among other things, whether the

---

[2] *Day*, it must be acknowledged, addressed a § 2254 petition rather than a § 2255 motion. The Sixth Circuit, however, has found that this is a distinction without a difference. *Taylor v. United States*, 11-6015, 2013 WL 1188988, at *1 (6th Cir. Mar. 22, 2013) (per curiam); *see also Solomon v. United States*, 467 F.3d 928, 943 (6th Cir. 2006) (Griffin, J., dissenting).

motion was timely filed, whether the statute of limitations has been waived, and whether equitable tolling should apply.³

Accordingly, it is **ORDERED** that the government must file a supplemental brief of no more than **10 pages** on or before **June 17, 2013**. The brief must address: (1) whether the § 2255 motion was timely filed; (2) whether the government has waived the statute of limitations defense; and (3) whether the court should enforce the time bar despite the government not raising it as a defense in its answer.

It is further **ORDERED** that Petitioner must file a response brief of no more than **10 pages** on or before **July 1, 2013**. The brief must address: (1) whether the § 2255 motion was timely filed; (2) whether equitable tolling should apply; and (3) whether the court should enforce the time bar despite the prosecution not raising it as a defense in its answer.

It is further **ORDERED** that the government must file a reply brief of no more than **5 pages** on or before **July 8, 2013**. The brief must address Petitioner's arguments regarding equitable tolling, if any.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 3, 2013

---

³ In passing, the Court notes that Petitioner has also filed a motion for the appointment of counsel. ECF No. 134. "There is no constitutional right to counsel in a civil case." *Cleary v. Mukasky*, 307 F. App'x 963, 965 (6th Cir .2009) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir.2003)). Moreover, the Sixth Circuit cautions that "[c]ourts should request counsel for pro se civil plaintiffs only in exceptional circumstances." *Cleary*, 307 F. App'x at 965 (quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993)). Here, Petitioner has not demonstrated such exceptional circumstances at present. Appointment of counsel is not appropriate at this juncture.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon John Tyler McKinney, Jr, #41867039 at Elkton Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432 by first class U.S. mail on June 4, 2013.

        s/Tracy A. Jacobs
        TRACY A. JACOBS